**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION**


JENNIFER WARDLE HOLLIS                                                    **PLAINTIFF**

**V.**                                              **CIVIL ACTION NO. 2:13cv51-KS-MTP**

**DR. STEVEN HAYNE, AND
JOHN DOES 1-10**                                                          **DEFENDANTS**

### ORDER REGARDING SERVICE OF PROCESS

This matter is before the court *sua sponte* for case management purposes.  Plaintiff filed

this civil rights action on March 15, 2013, and paid the filing fee.  To date, no summons has been

issued for the Defendant, Dr. Steven Hayne.

Plaintiff is reminded that it is her responsibility to properly serve the Defendants with

process under Fed. R. Civ. P.  4 within 120 days after the complaint is filed.  *See* Fed. R. Civ. P.

4(c) (providing that the "plaintiff is responsible for having the summons and complaint served

within the time allowed by Rule 4(m) and must furnish the necessary copies to the person who

makes service"); *see also* Fed. R. Civ. P.  4(m) (providing that if the plaintiff fails to serve the

defendant with the complaint within 120 days after the complaint is filed, the court "must

dismiss the action without prejudice against that defendant . . .").

Because Plaintiff is not proceeding *in forma pauperis* pursuant to 28 U.S.C. § 1915, the

court and the U.S. Marshals Service have no obligation to assist Plaintiff with the service of

process.  *See* Fed. R. Civ. P. 4(c); L.U.Civ.R. 4(b) ("The United States Marshal does not serve

process in civil actions except on behalf of the federal government, in actions proceeding in

forma pauperis, on writs of seizure and executions of judgments, and when otherwise ordered by

a federal court."); *see also Whiting v. Alvarado*, No. 2:03cv53, 2004 WL 527793, at *1-2 (N.D.

Tex. Mar. 17, 2004) (denying plaintiff's motion for service of process by U.S. Marshal where plaintiff was not proceeding *in forma pauperis*).  Accordingly,

IT IS, THEREFORE, ORDERED:

1.      That Plaintiff must properly serve the Defendant with the summons and complaint by July 15, 2013, and must file the proof of service of the summons and complaint by the server's affidavit pursuant to Rule 4(l).

2.      That Plaintiff's failure to properly and timely serve the Defendant in accordance with Rule 4 may result in his dismissal and the dismissal of this matter.

3.      That it is the Plaintiff's responsibility to prosecute this case.  The court notes that there is no address or telephone number on file for Plaintiff at the Clerk's office.  Thus, the court is unable to forward this order to Plaintiff or to communicate with her.  This order is entered in the event Plaintiff may review or check the docket in this case.

4.      Plaintiff's failure keep the court apprised of her current address or failure to comply with any order of this court will be deemed as a purposeful delay and contumacious act by the Plaintiff and may result in the dismissal of this case.

SO ORDERED this the 29th day of May, 2013.

s/ Michael T. Parker
United States Magistrate Judge